IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EASTWEST BRIDGE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-2417-L** |
| | § | |
| **TECHNOLOGY PARTNERS FZ, LLC;** | § | |
| **AL-BAH TR BROKERS; and** | § | |
| **BAHARKAN GROUP**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Motion for Default Judgment Against Defendants Technology Partners FZ, LLC, and Baharkan Group, filed February 26, 2013. After careful consideration of the motion, record, and applicable law, the court **grants** in **part and denies in part** the Motion for Default Judgment Against Defendants Technology Partners FZ, LLC, and Baharkan Group.

I.   **Procedural and Factual Background**

On September 16, 2011, Eastwest Bridge ("Plaintiff" or "EastWest Bridge") brought this action against Technology Partners FZ, LLC ("Technology Partners"), Al-Bah TR Brokers ("Al-Bah Brokers"), and the Baharkan Group ("Baharkan") (collectively "Defendants") based diversity jurisdiction. Plaintiff is located in Dallas, Texas, and Defendants are located in the United Arab Emirates.

Plaintiff brought claims for breach of contract against Defendants and seeks $15,372,500 in damages against Technology Partners, and $466,500 in damages against Technology Partners and Baharkan jointly and severally in connection with a project to create an automated, central, wireless

**Memorandum Opinion and Order - Page 1**

network infrastructure in Abu Dhabi that would provide internet access; monitoring of the port authority, crime, and oil and gas production; electric, water and gas meter reading; and stop light control and coordination.

On October 18, 2012, Plaintiff requested the clerk to enter default against Defendants. The clerk entered default against Technology Partners and Baharkan but declined to enter default against Al-Bah Brokers because the record contained no proof that service of process was effected with regard to Al-Bah Brokers. Subsequently, the court directed Plaintiff to file a motion for default judgment against Technology Partners and Baharkan. In accordance with the court's order, Plaintiff filed its Motion for Default Judgment Against Defendants Technology Partners and Baharkan Group on February 26, 2013.

## II.   Discussion

Defendants Technology Partners and Baharkan have not filed an answer to Plaintiff's Original Complaint or otherwise defended in this lawsuit. Additionally, Technology Partners and Baharkan are not infants, incompetent or in the military. Plaintiff is therefore entitled to judgment against Defendants Technology Partners and Baharkan, and the court accepts as true the well-pleaded allegations stated by Plaintiff in its Complaint and the facts set forth in the evidence in support of Plaintiff's Motion for Default Judgment Against Defendants Technology Partners and Baharkan Group.

### A.   Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on*

*other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). As previously noted, Plaintiff asks the court to award $15,372,500 against Technology Partners, and $466,500 against Technology Partners and Baharkan jointly and severally for damages sustained as a result of Technology Partners' and Baharkan's breaches of the contract at issue. In support of its motion for default judgment, Plaintiff submitted the affidavit of Steve Stone ("Stone"), the founding partner of EastWest Bridge.

The court finds that there is sufficient evidence to support Plaintiff's request for $466,500 in damages against Technology Partners and Baharkan jointly and severally; however, there is insufficient evidence to support an award of $15,372,500 in damages against Technology Partners. Stone acknowledges that beyond the liquidated amount of $466,500, "the calculation of damages becomes more difficult" because the value of the project has not yet been made public. Pl.'s App. 10, ¶¶ 23, 26. He nevertheless goes on to state that the project "could be" valued at $100,000,000 depending on the number of meters installed, and that 1.5 million meters were actually installed at an "estimated" price of $477 per meter. *Id.* ¶ 24. Based on this "estimated" price of $477 per meter, Stone concludes that the value of installed meters totals approximately $717,000,000, of which EastWest Bridge is entitled to a 2.1% commission or the equivalent in damages of $15,372,500.

Stone's estimate of $477 per meter is based on the value of another infrastructure project installed for Stillwater, Oklahoma in 2011. Stone states that $477 per meter is a conservative estimate because the Stillwater project did not include networking or installing additional proposed solution modules, including modules for oil and gas production, telecommunications, security monitoring, shipping, public safety (fire and police), or the ongoing maintenance costs and revenues

**Memorandum Opinion and Order - Page 3**

from public access. The court appreciates Plaintiff's difficulty in calculating its contractual damages; however, based on the limited information provided, the court determines that the $15,372,500 in requested damages is *too speculative* and cannot accept this amount. Accordingly, the court finds that Plaintiff is entitled to a total amount of **$466,500** in damages.

### B. Attorney's Fees

In its Original Complaint, Plaintiff requests attorney's fees in addition to damages and prejudgment and postjudgment interest; however, the court does not have before it sufficient information from which to award attorney's fees. If Plaintiff still wishes to pursue an award of attorney's fees, it may file a motion pursuant to Federal Rule of Civil Procedure 54(d)(2), and the court will address the issue postjudgment.

## III. Plaintiff's Request to Conduct Discovery

Plaintiff requests permission to conduct discovery pursuant to Federal Rule of Civil Procedure 69(a)(2) in the event the court concludes that its evidence of damages as to Count III of its contract claim for $15,372,500 in damages against Technology Partners is insufficient. Specifically, Plaintiff requests:

> Should this Court deem the evidence presented to be insufficient to establish damages as to any of the three Counts pled in the Original Complaint, EastWest Bridge requests that the Court enter judgment immediately as to liability against both Defendants on all counts (1-3), and authorize Plaintiff, EastWest Bridge to conduct discovery under FRCP 69(a)(2) to obtain further information from the Defaulting Defendants, Tropos Networks, Inc., COMMA, any Technology Partner affiliate and/or subsidiary and/or sister company as well as any other third parties as necessary regarding any Count(s) for which a final damages award was not entered by the Court, in order to establish the scope of the global liability of Defendants Technology Partners and/or Baharkan Group to Plaintiff EastWest Bridge. EastWest Bridge would request that, after having undertaken such discovery, the Court allow submission of supplemental evidence, by affidavit or live testimony as the Court may prefer, to establish additional damages under the relevant Counts.

**Memorandum Opinion and Order - Page 4**

Pl.'s Mot. 7, ¶ 19. Rule 69(a)(2) allows a judgment creditor to conduct discovery to identify assets of the judgment debtor from which the judgment may be satisfied. Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor may obtain discovery from any person including the judgment debtor as provided in these rules or by the procedure of the state where the court is located."). Thus, the purpose of the rule is to provide postjudgment discovery, not prejudgment discovery. The court therefore **denies** Plaintiff's request pursuant to Rule 69(a)(2) for discovery to obtain further information from Defendants and other entities that are not parties to this suit to support a final damages award not yet entered by the court.

### IV.     Remaining Defendant

As noted, service of process was not effected as to Defendant Al-Bah Brokers even though the court allowed an extension of time. The court therefore **dismisses without prejudice** the claims asserted against Defendant Al-Bah Brokers pursuant to Rule 4(m) for failure to effect service.

### V.     Conclusion

For the reasons herein explained, the court **grants in part and denies in part** the Motion for Default Judgment Against Defendants Technology Partners FZ, LLC, and Baharkan Group. Specifically, Plaintiff's request for $466,500 in damages against Technology Partners and Baharkan jointly and severally is **granted**, and Plaintiff's request for $15,372,500 in damages against Technology Partners is **denied**. Accordingly, the court hereby orders that default judgment be entered for Plaintiff against Technology Partners in the amount of **$466,500** damages and **$50,119.09** prejudgment interest calculated at a rate of **five percent per annum**. Postjudgment interest shall accrue on the total amount of **$516,619.09** (damages plus prejudgment interest) at the applicable

federal rate of **.11 percent per annum** from the date of this judgment until it is paid in full.[*] The court will issue a judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 30th day of September, 2013.

Sam A. Lindsay
United States District Judge

---

[*] Prejudgment interest is calculated under state law in diversity cases such as this one. *Boston Old Colony Ins. Co. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). In Texas, a claim for prejudgment interest may be based upon general principles of equity or an enabling statute. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985). Under both the common law and the Texas Finance Code, prejudgment interest begins to accrue on the earlier of: (1) 180 days after the date a defendant received written notice of a claim, or (2) the date suit is filed. Tex. Fin. Code Ann. § 304.104 (West 2006). Prejudgment interest is awarded to compensate fully the injured party, not to punish the defendant, and is considered compensation allowed by law as additional damages for lost use of the money due between the accrual of the claim and the date of judgment. *See Johnson & Higgins, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). The contract at issue does not include a postjudgment rate, section 304.003 of the Texas Finance Code provides that the postjudgment interest is "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System is less than five percent." Tex. Fin. Code Ann. § 304.003(c)(2). The current prime rate is 3.25 percent. Accordingly, the prejudgment interest rate the court will apply is five percent. It is unclear from the record when Defendant received written notice of Plaintiff's claim. The court therefore determines that prejudgment interest should be calculated from the date this action was filed on **September 16, 2011**, to the date of the judgment. With respect to an award of postjudgment interest, federal law applies on "any judgment in a civil case recovered in a district court . . . including actions based on diversity of citizenship." *Travelers Ins. Co. v. Liljeberg Enters., Inc.* 7 F.3d 1203, 1209 (5th Cir. 1993) (citation omitted). A court awards postjudgment interest pursuant to 28 U.S.C. § 1961. Accordingly, postjudgment interest shall accrue at the applicable federal rate, which is currently .11 percent per annum.