IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EASTWEST BRIDGE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-2417-L** |
| | § | |
| **TECHNOLOGY PARTNERS FZ, LLC;** | § | |
| **AL-BAH TR BROKERS; and** | § | |
| **BAHARKAN GROUP**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Motion to Modify Default Judgment Against Defendants Technology Partners FZ LLC and Baharkan Group or, in the Alternative, Motion for New Trial Regarding Count Three and Motion to Sever Count Three for Separate Trial ("Motion to Modify Default Judgment") (Doc. 22), filed by Plaintiff on October 28, 2013. After considering the motion, the court **grants in part and denies in part** the Motion to Modify Default Judgment Against Defendants Technology Partners FZ LLC and Baharkan Group or, in the Alternative, Motion for New Trial Regarding Count Three and Motion to Sever Count Three for Separate Trial (Doc. 22). Plaintiff's reasons for requesting the court to modify the judgment are not a sufficient basis for amending the judgment; however, the court *sua sponte* determines that the September 30, 2013 memorandum opinion and order and the judgment should be vacated for other reasons set forth in this memorandum opinion and order. Accordingly, the court **vacates** its September 30, 2013 memorandum opinion and order and the judgment, with respect to Defendants Technology Partners FZ, LLC ("Technology Partners")

**Memorandum Opinion and Order - Page 1**

and Baharkan Group, and directs the clerk to **reopen** this case. The court's prior dismissal without prejudice of Defendant Al-Bah TR Brokers ("Al-Bah Brokers"), for failure to effect service, stands.

I.  **Procedural Background**

EastWest Bridge ("Plaintiff" or "EastWest Bridge") brought this action against Technology Partners, Al-Bah Brokers, and Baharkan Group (collectively "Defendants") on September 16, 2011, asserting three contract claims against Defendants based on three separate contracts. EastWest Bridge is located in Dallas, Texas, and Defendants are located in the United Arab Emirates ("UAE"). The three contracts provide the means of compensation agreed to by the parties with respect to the construction of one or more wireless mesh networks for automated meter reading ("AMR") in the Middle East. The wireless mesh technology was considered "cutting edge" in 2006 and was developed in the United States by an EastWest Bridge affiliate as a means of providing engineering services, such as telecommunications, public utilities, and security monitoring, to a geographical area. Doc. 19-1 at 2, ¶ 4.[1] The first AMR project ("Abu Dhabi/ADWEA Project") was to take place in the UAE for use by the Abu Dhabi Water & Electric Authority ("ADWEA"). *Id.*

The first of the parties' three contracts, a Confidentiality and Non-Circumvention Agreement ("Confidentiality Agreement"), was entered into between EastWest Bridge and Technology Partners on June 14, 2007. Pursuant to this agreement, EastWest Bridge disclosed its confidential contacts and additional details about the potential Abu Dhabi/ADWEA Project and other wireless mesh projects in the UAE and introduced Technology Partners to Al-Bah Brokers and Baharkan Group. *Id.* at 5, ¶ 13. In exchange, Technology Partners agreed, while the Confidentiality Agreement was

---

[1] In citing to the attachments to Plaintiff's Complaint and Motion for Default Judgment, the court refers to the docket numbers assigned to the documents by the court's electronic filing system because, except for an affidavit, no visible exhibit or appendice numbers appear on the face of the attached documents as required by Local Civil Rule 7.2(e). *Failure in the future to comply with the court's Local Civil Rules will result in the filing being stricken.*

in effect, and for a period of one year after the contract was completed or terminated, to not enter any business relations or contracts with second parties without EastWest Bridge's consent and "without providing compensation [to EastWest Bridge that was] acceptable to the Parties." Doc. 19-2 at 2, ¶ 5.

Subsequently, on September 2, 2007, Technology Partners and Al-Bah Brokers entered into a Commission Agreement, in which Technology Partners agreed to pay a commission to Al-Bah Brokers in the amount of "10% of the value of each contract with COMMA."[2] Doc. 19-3 at 2, ¶ 4. Technology Partner's payment of the 10% commission was conditioned "upon receiving the first payment from COMMA." *Id.* The Commission Agreement is also limited to projects with COMMA in the Emirate of Abu Dhabi. *Id.* ¶ 4.

The third contract, a Memorandum of Understanding ("MOU"), was executed approximately one year later on August 24, 2008, between EastWest Bridge and Baharkan Group. Pursuant to the MOU, Baharkan Group agreed to pay EastWest Bridge a commission of "21.5% based upon gross sales received by Baharkan Group or Baharkan Group's partner, Al-Bah TR. Brokers, from Technology Partners." Doc. 19-4 at 1. According to the MOU, EastWest Bridge received an initial payment of $28,000 for the first phase of the Abu Dhabi/ADWEA Project based on a total commission of $1,400,000 for this phase. *Id.* The MOU also provides that the remaining commissions due to EastWest Bridge will be paid to EastWest Bridge as that project progresses until completion. *Id.* Unlike the Commission Agreement, the MOU applies to all Middle East contracts obtained by Technology Partners as a result of EastWest Bridge's technology contacts.

---

[2] COMMA refers to the UAE's quasi-governmental telecommunications company.

**Memorandum Opinion and Order - Page 3**

After not receiving any further commissions for the Abu Dhabi/ADWEA Project, EastWest Bridge filed this lawsuit. On October 18, 2012, EastWest Bridge requested the clerk to enter default against Defendants. The clerk entered default against Technology Partners and Baharkan Group but declined to enter default against Al-Bah Brokers because the record contained no proof that service of process was effected as to Al-Bah Brokers. Subsequently, the court directed EastWest Bridge to file a motion for default judgment against Technology Partners and Baharkan Group. On February 26, 2013, Plaintiff filed its Motion for Default Judgment Against Defendants Technology Partners and Baharkan Group ("Motion for Default Judgment").

In its Motion for Default Judgment, Plaintiff sought an award and judgment against Technology Partners and Baharkan Group as follows: (1) "In the amount of $466,500.00 . . . for Count 1 against Defendant Technology Partners [for breach of the Commission Agreement]"; (2) "In the amount of $466,500.00 . . . for Count 2 against Defendant Baharkan Group [for breach of the MOU]"; and (3) "In the amount of $15,372,500.00 . . . for Count 3 against Defendant Technology Partners [for breach of the Confidentiality Agreement]." Pl.'s Mot. Default J. 8. EastWest Bridge requested permission to conduct discovery pursuant to Federal Rule of Civil Procedure 69(a)(2) in the event the court concluded that its evidence of damages as to Count Three of its contract claim for $15,372,500 in damages against Technology Partners was insufficient.

On September 30, 2013, the court entered a memorandum opinion and order, and judgment, granting in part and denying in part the Motion for Default Judgment. The court determined that EastWest Bridge was entitled to an award of $466,500 in damages jointly and severally against Technology Partners and Baharkan Group but concluded, based on the limited information provided, that the request for $15,372,500 in damages under the Confidentiality Agreement was too

**Memorandum Opinion and Order - Page 4**

speculative. The court denied EastWest Bridge's request to conduct discovery pursuant to Rule 69(a)(2) because that rule only provides for postjudgment discovery by a judgment creditor, not prejudgment discovery. The court also dismissed without prejudice the claims against Al-Bah Brokers because service of process was not effected as to Al-Bah Brokers, even though the court allowed an extension of time for service. On October 28, 2013, EastWest Bridge moved the court to modify the default judgment.

## II.     Standard Applicable to Motion to Modify Default Judgment

In its motion, Plaintiff requests the court to amend the judgment as to Counts 1 and 2 under Rule 59(e) and grant it a new trial as to Count 3 under Rule 59(a). Because there was no trial in this matter, Plaintiff's Motion to Modify Default Judgment is more properly characterized as a motion to alter or amend the judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp., et al.*, 123 F.3d 336, 339 (5th Cir. 1997) (motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990) (motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion).

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that

could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted).

When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

**III.     Discussion**

    **A.     Counts One and Two (Commission Agreement and MOU)**

EastWest Bridge contends that the court's September 30, 2013 opinion only includes a single award of $466,500 in damages jointly and severally against Technology Partners and Baharkan Group for their "breaches of the contract at issue," whereas EastWest Bridge previously requested

separate awards of $466,500 ($466,500 x 2) against Technology Partners and Baharkan Group for their breaches of two separate contracts–the Commission Agreement and MOU. EastWest Bridge therefore requests that the court amend the judgment to include an award of $466,500 against Technology Partners for breach of the Commission Agreement (Count One) and an award of $466,500 against Baharkan Group for breach of the MOU (Count Two).

The court provided EastWest Bridge with a single award of $466,500 jointly and severally against Baharkan Group and Technology Partners because, although Defendants' breaches arise from separate contracts, their combined breaches gave rise to a single injury. According to the affidavit of Steve Stone ("Stone"), the founding partner of EastWest Bridge, the first stage of the Abu Dhabi/ADWEA Project was for a total amount of $23,000,000. Doc. 19-1 at 9, ¶ 22 ("Per the Dubai Meeting, the first stage of the project regarding AMR's was for $23,000,000 . . . with payment to EastWest Bridge due upon completion."). Based on this amount, the court calculated that Technology Partners was required under the Commission Agreement to pay Al-Bah Brokers a 10% commission for amounts it received from COMMA, and Baharkan Group in turn was required under the MOU to pay EastWest Bridge 21.5% of the amounts it or Al-Bah Brokers received from Technology Partners. The court therefore concluded that EastWest Bridge was entitled to $494,500 or 2.15% of $23,000,000, as requested in the Motion for Default Judgment. Since EastWest Bridge acknowledged that it had already received $28,000, the court agreed with EastWest Bridge that its damages under the Commission Agreement and MOU totaled $466,500.

Accordingly, if the forgoing calculation is correct, a single award of $466,500 against Technology Partners and Baharkan Group jointly and severally for their breaches of the Commission Agreement and MOU is appropriate, whereas the relief requested by EastWest Bridge – (1) "In the

amount of $466,500.00 . . . for Count 1 against Defendant Technology Partners [for breach of the Commission Agreement]"; (2) "In the amount of $466,500.00 . . . for Count 2 against Defendant Baharkan Group [for breach of the MOU]" – would have resulted in an impermissible double recovery. Pl.'s Mot. Default J. 8.  For this reason and the reasons that follow, the court **denies** EastWest Bridge's request for the court to amend the judgment to provide it with two separate awards of $466,500 against Technology Partners and Baharkan Group.

The court nevertheless determines *sua sponte* that the September 30, 2013 memorandum opinion and order, and the judgment entered, in this case should be vacated for another reason.  In revisiting the evidence submitted in support of EastWest Bridge's Motion for Default Judgment, the court noticed a discrepancy between Stone's affidavit and the MOU, which undermines EastWest Bridge's request for and the court's prior award of $466,500 to EastWest Bridge against Technology Partners and Baharkan Group under the Commission Agreement and MOU.

Specifically, the MOU indicates that Eastwest Bridge received an initial payment of $28,000 for the first phase of the Abu Dhabi/ADWEA Project based on a total available commission for this phase of $1,400,000.  Doc. 19-4 at 1 ("EastWest Bridge recognizes that the total commission available for the first phase of the Abu Dhabi/ADWEA project is equal to $1,400,000 USD. EastWest Bridge has received an initial payment related to the project in the amount of $28,000 USD of which the total commissions due to EastWest Bridge will be paid as the project progresses up to completion.").  Based on a total available commission of $1,400,000 for the first phase of the Abu Dhabi/ADWEA project, EastWest Bridge's share would have been $30,100 or 2.15% of $1,400,000, which is close to the amount EastWest Bridge was actually paid for the first phase of the Abu

Dhabi/ADWEA Project. Thus, it appears that EastWest Bridge has already been compensated for the first phase of the Abu Dhabi/ADWEA Project.

In his affidavit, however, Stone states: "Per the Dubai Meeting, the first stage of the project regarding AMR's was for $23,000,000 . . . with payment to EastWest Bridge due upon completion." Doc. 19-1 at 9, ¶ 22. Based on this total amount for the first phase, Stone concluded in his affidavit that EastWest Bridge is entitled to $494,500 under the MOU or 2.15% of $23,000,000. *Id.* Neither Stone nor the Complaint, though, explain the discrepancy between the MOU and Stone's affidavit regarding the total dollar amount for the first phase of the Abu Dhabi/ADWEA project. According to the Complaint and Motion for Default Judgment, the Abu Dhabi/ADWEA project was a $23,000,000 project. From this, it appears that EastWest Bridge contends that the entire Abu Dhabi/ADWEA project totaled $23,000,000; however, this does not appear to comport with Stone's statement that "[p]er the Dubai Meeting, the first stage of the project regarding AMR's was for $23,000,000." *Id.*; *see also* Pl.'s Compl. ¶ 23; Pl.'s Mot. for Default J. ¶¶ 7, 10, 11, 13. This discrepancy causes the court to question whether the prior award of $466,500 to EastWest Bridge against Technology Partners and Baharkan Group is supported by the record. Accordingly, the court *sua sponte* **vacates** its September 30, 2013 memorandum opinion and order and the judgment, with respect to Technology Partners and Baharkan Group, and will require EastWest Bridge to file an amended motion for default judgment as to Counts One and Two.

### B.     Discovery and Count Three (Confidentiality Agreement)

EastWest Bridge also requests the court to amend the judgment to clarify that Count 3 has not actually been litigated or adjudicated. EastWest Bridge asserts that, when it filed its Motion for Default Judgment, it lacked sufficient evidence to support its breach of Confidentiality Agreement

**Memorandum Opinion and Order - Page 9**

claim against because Technology Partners had not appeared in the action and, as a result, it did not have the opportunity to conduct needed discovery. EastWest Bridge states that it only moved for default judgment as to this claim because it was ordered to do so by the court and risked dismissal of the claim if it failed to do so. EastWest Bridge is concerned that Technology Partners might contend that the denial of its Motion for Default Judgment as to this claim precludes further litigation of the claim.

Alternatively, EastWest Bridge requests the court to: (1) enter an amended judgment with regard to Counts 1 and 2 as specified; and (2) grant it a new trial as to Count 3 under Federal Rule of Civil Procedure 59(a)(2) and sever the claim so it can conduct further discovery to obtain evidence regarding the extent of the breach and damages under the Confidentiality Agreement. EastWest Bridge reasons that, although the court denied its request for discovery under Rule 69(a)(2), it "believes, however, that discovery efforts under Rule 69 [as to Counts 1 and 2] will also lead to evidence regarding damages under the [Confidentiality Agreement] that form the basis for Count 3." Pl.'s Mot. Default J. 7. EastWest Bridge further asserts that in "a post-judgment environment, [it] believes that it will be able to pursue Defendant Technology Partners in multiple jurisdictions, including the UAE" although doing so will be a "lengthy process" and domesticating a judgment "in Dubai will take months, with more time subsequently required to issue post-judgment discovery and receive the relevant responses." *Id.* EastWest Bridge therefore requests that it be given sufficient time for undertaking the aforementioned postjudgment discovery before Count Three is set for trial or a deadline is set for a second motion for default judgment.

As a preliminary matter, the court notes that it only directed EastWest Bridge to move for default judgment on its claims against Technology Partners and Baharkan Group because it had, on

**Memorandum Opinion and Order - Page 10**

its own initiative, requested and obtained an entry of default as to these Defendants by the clerk of the court. Further, if EastWest Bridge was not prepared to move for default judgment on its claim for breach of the Confidentiality Agreement against Technology Partners, it could have advised the court of this fact before filing its motion for default judgment. The court is not opposed to giving Plaintiff additional time to investigate this claim. Accordingly, the court will permit Plaintiff to conduct discovery, to the extent allowed by the Federal Rules of Civil Procedure, to obtain evidence to support its claim against Technology Partners for breach of the Confidentiality Agreement (Count Three). Accordingly, Plaintiff's request for relief in this regard is **granted.** Due to the age of this case,[3] however, and the amount of time Plaintiff has already had to investigate its claims, the court will impose a limit on the amount of time it will be given to conduct discovery before filing an amended motion for default judgment. At some point, this litigation must come to an end. The court **denies without prejudice** the request to sever Count Three because it appears that the court's decision to vacate its September 30, 2013 memorandum opinion and judgment moots EastWest Bridge's request in this regard.

IV.   Conclusion

For the reasons explained, the court **grants in part and denies** Plaintiff's Motion to Modify Default Judgment Against Defendants Technology Partners FZ LLC and Baharkan Group or, in the Alternative, Motion for New Trial Regarding Count Three and Motion to Sever Count Three for Separate Trial (Doc. 22); *sua sponte* **vacates** its September 30, 2013 memorandum opinion and order and the judgment, with respect to Defendants Technology Partners and Baharkan Group; and **directs**

---

[3] Any case over three years old, is considered an "old case by the Administrative Office and is put on a national report.

**Memorandum Opinion and Order - Page 11**

the clerk to **reopen** this case. The court's prior dismissal without prejudice of Defendant Al-Bah Brokers, for failure to effect service, stands.

With respect to EastWest Bridge's request for the court to amend the judgment to provide it with two separate awards of $466,500 against Technology Partners and Baharkan Group, the Motion to Modify Default Judgment is **denied**. With respect to EastWest Bridge's request for additional time to conduct discovery with respect to Count Three, the Motion to Modify Default Judgment is **granted**. Finally, the court **denies without prejudice** EastWest Bridge's request to sever Count Three, as the court's decision to vacate its September 30, 2013 memorandum opinion and order and the judgment appears to moot, at least for the time being, the severance request.

The deadline for EastWest Bridge to file an amended motion for default judgment on Counts One and Two is **October 31, 2014**. Any amended motion for default judgment, as to Counts One and Town, must cure the discrepancy noted with respect to these claims. The deadline for EastWest Bridge to conduct additional discovery or investigate its claim under Count Three and file an amended motion for default as to this claim is **July 1, 2015**. *Due to the age of the case, which was filed September 16, 2011, no further extensions of time will be allowed*.

**It is so ordered** this 29th day of September, 2014.

                                              *[signature]*
                                              Sam A. Lindsay
                                              United States District Judge