IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EASTWEST BRIDGE,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil No. 3:11-CV-2417-L-BK |
| | § | |
| **TECHNOLOGY PARTNERS** | § | |
| **FZ, LLC and BAHARKAN** | § | |
| **GROUP,** | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSION, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff's *Motion for Attorneys' Fees and Related Non-Taxable Expenses Against Post-Judgment Defendants* has been referred to the magistrate judge for a recommendation. Doc. 27; Doc. 28. For the reasons that follow, the motion should be **GRANTED** in part.

**A. Background**

In September 2015, a default judgment was entered against Defendants Technology Partners and Baharkan Group (collectively "Defendants"). Doc. 26. Plaintiff now files this unopposed motion seeking recovery from Defendants of (1) attorneys' fees of $61,381.25 and (2) costs of $8,592.66. Doc. 27 at 7. In support, Plaintiff has submitted an affidavit of lead counsel, George Alfonso and its unredacted billing records. Doc. 27-1; Doc. 30.

**B. Applicable Law**

The Court of Appeals for the Fifth Circuit has dictated a two-step process for determining an award of attorneys' fees. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citing *Rutherford v. Harris Cnty.,Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)). The first step is the lodestar calculation, "which is equal to the number of hours reasonably expended multiplied by

the prevailing hourly rate in the community for similar work." *Id.* In evaluating the reasonableness of the number of hours claimed, courts determine "whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995). Any duplicative, excessive, or inadequately documented time should be excluded from the lodestar calculation. *Jimenez*, 621 F.3d at 379-80.

The party seeking attorneys' fees bears the burden of establishing the prevailing market rate for similar services. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Courts determine the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The burden is thus on Plaintiff to produce sufficient evidence that the requested rates are in line with the prevailing rates in Dallas for similar services by attorneys of "reasonably comparable skill, experience and reputation." *Id.* (citing *Blum*, 465 U.S. at 896). Generally, the reasonable hourly rate is established through affidavits submitted by other attorneys practicing in the community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation omitted). An applicant also may establish reasonableness by directing the district court to fee awards in the same district. *See Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cnty.*, 752 F.2d 1063, 1073 (5th Cir. 1985) (noting that the plaintiff submitted the affidavit of her attorney which stated what he usually charged for similar work and directed the court's attention to similar fee awards in the district); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 708-09 (S.D. Tex. 2012) (same).

Following the calculation of the lodestar, the Court then must determine whether to adjust the fee on the basis of several other factors that may be of significance in the particular case. *See*

*Johnson*, 488 F.2d 714.  The *Johnson* factors consist of: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson*, 488 F.2d at 717-719).  Many of these factors typically are subsumed within the lodestar and should not be double-counted.  *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998).  There is a strong presumption that the lodestar represents the reasonable fee.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Title 28 U.S.C. § 1920 lists six categories of recoverable costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;  (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters, and salaries, fees, expenses and costs of special interpretation services.  Courts cannot award costs that section 1920 does not list.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987).

**C. Analysis**

*1. Attorneys' Fees*

Plaintiff's counsel states in his affidavit that he has been licensed to practice law in Texas since 1993, and it is his opinion, based upon his experience as a practicing attorney as well as his communications with other attorneys who practice in Dallas County and the Northern District of Texas, that the fees incurred in this case were reasonable and necessary value for legal services in this litigation. Doc. 27-1 at 2.

In Plaintiff's supporting documentation, it appears that counsel charged Plaintiff a discounted billing rate, initially of $250.00 and ultimately a rate of $200.00, which the Court duly notes is less than most other attorneys with similar experience in the Dallas/Fort Worth area charge. *See S & H Ind., Inc. v. Selander*, 2014 WL 1116700, at *6 (N.D. Tex. 2014) (Lynn, J.) (finding $468 to be a reasonable hourly fee for an associate attorney); *Miller v. Ratheon Co.*, 2013 WL 6838302, at *9 (N.D. Tex. 2013) (O'Connor, J.) (finding that $685.00 was a reasonable hourly rate for a labor and employment attorney with 40 years' experience). Moreover, the billing documents reflect that counsel often wrote off hours billed, thereby evidencing the exercise of billing judgment. Accordingly, the Court finds that both the hourly rate and the hours billed were reasonable. *McClain*, 649 F.3d at 381; *Jimenez*, 621 F.3d at 379. Plaintiff did not request an upward adjustment of his fee award nor does there appear to be any reason for a downward adjustment upon consideration of the *Johnson* factors. *See Johnson*, 488 F.2d at 717-19. Thus, it is recommended that no adjustment be made. As such, Plaintiff should be awarded attorneys' fees in the amount of $61,381.25.

*2. Costs*

Plaintiff requests reimbursement of (1) a filing fee of $350.00 and (2) copying costs of $83.47. Those costs are permissibly taxed pursuant to section 1920. However, Plaintiff's requested reimbursement for (1) a notary fee of $500.00; (2) postage totaling $155.19; and (3) parking of $4.00 are not included in the list of reimbursable costs outlined in section 1920 and are thus not recoverable. *Crawford*, 482 U.S. at 441-42.

Plaintiff's request for costs also includes a charge of $7,000.00 that was made to have a private process server effectuate service on Defendants in Dubai. In *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997), the appellate court held that, absent exceptional circumstances, private service costs are not recoverable. 118 F.3d at 257 (citing *Zdunek v. Washington Metro. Trans. Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983)). Plaintiff set forth in great detail its difficulties serving process on Defendants in Dubai in its *Motion for Approval for Alternative Method of Service*, Doc. 7, which the District Court granted, Doc. 8. Ultimately, it took Plaintiff almost seven months and a great deal of effort to effectuate service. Accordingly, the undersigned recommends that the $7,000.00 be awarded as costs because exceptional circumstances required the hiring of the private process server. *Cypress-Fairbanks*, 118 F.3d at 257. In sum, the Court recommends a cost award of $7,433.47.[1]

### D. Conclusion

For the reasons stated above, the Court recommends that Plaintiff's *Motion for Attorneys' Fees and Related Non-Taxable Expenses Against Post-Judgment Defendants*, Doc. 27, be

---

[1] There is a discrepancy of $500.00 between the amount Plaintiff claims to have paid the private process server and the amount that appears in the billing records. For purposes of this recommendation, the Court has used the dollar amount that appears in the billing records, which is $500.00 less than the amount requested in Plaintiff's motion.

**GRANTED** to the extent that Plaintiff recover attorneys' fees in the amount of $61,381.25 and costs in the amount of $7,433.47.

  **SO RECOMMENDED** on January 15, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE