IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EASTWEST BRIDGE, | § | |
| | § | |
| PLAINTIFF, | § | CIVIL ACTION NO. 3:11-CV-2417-L |
| | § | |
| VS. | § | |
| | § | |
| TECHNOLOGY PARTNERS FZ, LLC; | § | |
| AL-BAH TR BROKERS; AND | § | |
| BAHARKAN GROUP, | § | |
| | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Judge's *Order of Reference*, Doc. 34, Plaintiff's *First Application for Turnover Order in Aid of Judgment* (the "Application"), Doc. 33, is before the Court for findings of fact and a recommended disposition. Plaintiff seeks a turnover order pursuant to Federal Rule of Civil Procedure 69(a) and Texas Civil Practices & Remedies Code § 31.002 ("section 31.002"). Doc. 33 at 4.

On November 20, 2018, a hearing was held on the Application, the contents of which and exhibits thereto are incorporated by reference herein. Defendants did not respond to Plaintiff's motion nor did they appear at the hearing despite being given notice. For the reasons that follow, the Application should be **GRANTED**.

A. Applicable Law

Section 31.002, the Texas turnover statute, provides that:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction

>on the judgment if the judgment debtor owns property, including present or future rights to property, that:
>
>>(1) cannot readily be attached or levied on by ordinary legal process; and
>>(2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.
>
>(b) The court may:
>
>>* * *
>
>>(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

TEX. CIV. PRAC. & REM. CODE § 31.002.

Thus, the judgment creditor must show that: (1) the judgment debtor owns the property; (2) the property cannot be readily attached or levied by ordinary legal process; and (3) the property is not exempt from attachment, execution, or seizure. *Id.* at § 31.002(a). "A turnover order must be specific in both identifying the non-exempt property that is susceptible to turnover relief and in tailoring the turnover relief to that property." *Shanze Enter., Inc. v. Amigo MGA, LLC*, No. 13-CV-4311-D, 2014 WL 5493252, at *2 (N.D. Tex. Oct. 30, 2014) (Horan, J.) (internal quotation marks omitted) (citing *Moyer v. Moyer*, 183 S.W.3d 48, 54 (Tex. App.–Austin 2005)).

"[T]he purpose of the turnover proceeding is merely to ascertain whether or not an asset is in the possession of the judgment debtor or subject to the debtor's control." *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991). "When nonexempt assets are in the possession of a third party . . . the court may reach those assets if they are *owned* by and *subject to* the judgment debtor's possession or control." *World Fuel Serv. Corp. v. Moorehead*, 229 F.Supp.2d 584, 588 (N.D. Tex. 2002) (emphasis in original). The judgment creditor has the burden of

tracing the assets to the judgment debtor.  *In re C.H.C.*, 290 S.W.3d 929, 931 (Tex. App.–Dallas 2009) (citing *Buller*, 806 S.W.2d at 226).  When such a showing is made, a presumption arises that the judgment debtor possesses the assets, and the burden shifts to the judgment debtor to show the property is exempt or to otherwise account for it.  *Buller*, 806 S.W.2d at 226.

"Section 31.002 does not specify or restrict the manner in which evidence may be received in order for a trial court to determine whether the conditions of 31.002(a) exist, nor does it require that such evidence be in any particular form, that it be at any particular level of specificity, or that it reach any particular quantum before the court may grant relief under section 31.002." *Tanner v. McCarthy*, 274 .W.3d 311, 322 (Tex. App.—Houston 2008).  If the judgment creditor makes the requisite showing, the court may appoint a receiver to take possession of and sell the judgment debtor's nonexempt assets.  TEX. CIV. PRAC. & REM. CODE § 31.002(b)(3).  Additionally, the trial court has discretion to award attorney's fees in a turnover proceeding.  *Moorehead*, 229 F.Supp.2d at 598 (citing *Thomas v. Thomas*, 917 S.W.2d 425, 436 (Tex. App.–Waco 1996).

**B.  Analysis**

In the form of the attachments appended to the Application, Plaintiff submitted evidence that supports its proposition that Judgment-Defendant Technology Partners FZ, LLC (the "Judgment-Defendant") is the alter ego of, and maintains an interest in, Technology Partners Federal Systems ("TP Federal").  *See* Doc. 33 at 14-15 (Counsel's Unsworn Declaration); Doc. 33 at 18-20 (pages from Judgment-Defendant's website); Doc. 33 at 21-25 (pages from TP Federal's website); Doc. 33 at 27 (E-mail from the Fairfax County Dept. of Tax Administration). Plaintiff further submitted evidence that the assets and property of TP Federal are inclusive in Judgment-Defendant's property.  *See* Doc. 33 at 14-15 (Counsel's Unsworn Declaration); Doc.

33 at 18-20 (pages from Judgment-Defendant's website); Doc. 33 at 21-25 (pages from TP Federal's website).  As such, a presumption arises that Judgment-Defendant possesses TP Federal's assets.  *Buller*, 806 S.W.2d at 226.  Because Judgment-Debtor has not responded in any way to the Application, it has not met its burden of showing that the property at issue is exempt. *Buller*, 806 S.W. 2d at 226.

By virtue of the above findings, the Court further finds that TP Federal's assets and property cannot readily be attached or levied upon by ordinary legal process.  Accordingly, Plaintiff has shown that it is entitled to a turnover order pursuant to Section 31.002.  Finally, Plaintiff's counsel attested at the hearing on the Application that Plaintiff has incurred well over the $4,000.00 in attorneys' fees it seeks for services rendered in these proceedings, based on his hourly rate and the time expended.  Upon consideration of the record, Plaintiff's briefing, and counsel's proffer at hearing, the Court accepts counsel's representations to that effect as true and correct.  Accordingly, Plaintiff should be awarded $4000 as its reasonable attorney's fees. *Moorehead*, 229 F.Supp.2d at 598.

**C.  Conclusion**

For the reasons set forth above, the undersigned recommends that the District Judge enter an order granting the Application in the form attached hereto as Exhibit A.[1]

**SO RECOMMENDED** on November 21, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff submitted the proposed order to the Court, and only non-substantive revisions have been made thereto.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EASTWEST BRIDGE,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:11-CV-2417-L |
| | § | |
| VS. | § | |
| | § | |
| **TECHNOLOGY PARTNERS FZ, LLC;** | § | |
| **AL-BAH TR BROKERS; and** | § | |
| **BAHARKAN GROUP,** | § | |
| | § | |
| Defendants. | § | |

**ORDER ON PLAINTIFF'S FIRST APPLICATION FOR TURNOVER ORDER
IN AID OF JUDGMENT**

Before the Court is Plaintiff's *First Application for Turnover Order in Aid of Judgment*, (the "Application"), Doc. 33, to aid in the satisfaction of an Order and Judgment rendered by this Court in favor of Plaintiff and against Defendant TECHNOLOGY PARTNERS FZ, LLC (the "Judgment-Defendant").

The Court, having reviewed the Magistrate Judge's recommendation, the applicable law, the Application, and the exhibits attached thereto finds and hereby ORDERS that the Application is GRANTED. The Court further finds as follows:

1.  On September 30, 2013, the Court issued a *Memorandum Opinion and Order* that granted Plaintiff's motion seeking default judgment against Judgment-Defendant and Defendant Baharkan Group. Doc. 20. Judgment was entered the same day. Doc. 21. On October 28, 2013, Plaintiff filed its *Motion to Modify Default Judgment*, Doc. 22, and on September 11, 2015, the Court ordered that:

> [T]he default judgment be entered in favor of Plaintiff against [Judgment-Defendant] and Baharkan, jointly and severally, in the

      amount of $496,600 and damages and $99,047.89 in prejudgment interest calculated at a rate of five percent per annum. Postjudgment interest shall accrue on the total amount of $595,647.89 (damages plus prejudgment interest) at the applicable federal rate of .37 percent per annum from the date of this judgment until it is paid in full.

Doc. 25 at 10.

    2.    On September 11, 2015, the Court issued its *Default Judgment*, Doc. 26, verifying and confirming the order, terms, and damages as set forth in its order of the same day.

    3.    On September 25, 2015, the Court issued its *Order of Reference*, referring Plaintiff's motion for attorneys' fees and costs to the United States Magistrate Judge. Doc. 28.

    4.    On January 15, 2016, the United States Magistrate Judge issued her *Findings, Conclusions, and Recommendation*, whereby the Magistrate recommended an award in Plaintiff's favor of $61,381.25 in attorneys' fees and $7,443.47 in costs. Doc. 31.

    5.    On February 24, 2016, this Court entered an order, which stated in part:

> After reviewing the motion, file, Report, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Plaintiff's Motion for Attorney's Fees and Related Non-Taxable Expenses Against Postjudgment Defendants Technology Partners FZ, LLC, and Baharkan Group (Doc. 27) to the extent that it **awards** Plaintiff $61,381.25 in reasonable attorney's fees and $7,433.47 in costs."

Doc. 32 (*emphasis in original*). As such, the combined two Orders of this Court, Doc. 25 & Doc. 32, resulted in a total default judgment award to Plaintiff in the amount of $664,462.61 (the "Total Default Judgment Amount").[2]

    6.    Judgment-Defendant has not responded to any aspect or portion of post-judgment

---

[2] The Total Default Judgment Amount consists of damages and prejudgment interest in the amount of $595,647.89 plus attorneys' fees of $61,381.25 and expenses of $7,433.47.

discovery and has not paid anything to satisfy the Total Default Judgment Amount entered by this Court through Docs. 25, 26 and 32 ("The Default Judgment Orders").

7. Based on Plaintiff's Application for Turnover, including but not limited to its referenced and attached exhibits and case law cited therein, the Court finds sufficient evidence to determine that Judgment-Defendant appears to be the alter-ego of and maintain an interest in Technology Partners Federal Systems (hereinafter "TP Federal"), as TP Federal is an unincorporated d/b/a with a principal office address of 1600 Tysons Blvd., Fairfax County, McLean, Virginia, 22102 and not on the tax rolls of Fairfax County, Virginia. As such, the Court finds sufficient evidence to determine that the assets and property of TP Federal are inclusive in Judgment-Defendant's property and are therefore subject to this Order, with TP Federal hereby included in the definition of Judgment-Defendant (and sometimes referred to hereafter as the "Turnover-Defendant" for purposes of this Order).

8. Pursuant to the provisions of (1) Federal Rules of Civil Procedure 64 and 69(a)(1) (which authorizes this Court to order the turnover of property of Judgment-Debtor to aid in enforcement of The Default Judgment Orders of this Court); and (2) Texas Civil Practices & Remedies Code § 31.002 (entitled "Collection of Judgment Through Court Proceeding," known under Texas state law as the Application for Turnover Statute), this Court issues the following findings and orders.

9. Judgment-Defendant has been previously and properly served with process in this cause by and through Mr. Omar R. Barzanji, the Owner, President, and Managing Member of Judgment-Defendant at 292 Newbury St., Apt. 478, Boston, MA, 02115.

10. Judgment-Defendant owns an interest in one or more properties not exempt from attachment, execution, or other seizure for the satisfaction of liabilities, including the property

and business of TP Federal, an unincorporated d/b/a, with a principal office address of 1600 Tysons Blvd., Fairfax County, McLean, Virginia, 22102.

11.     The above described property is not exempt under any statute from attachment, execution, or seizure. The property in question cannot readily be attached or levied upon by ordinary legal process. Plaintiff has requested that this Court appoint a Receiver to take possession and control of all assets being turned over pursuant to this Order. The Court hereby appoints _____as Receiver in matters related to the instant Turnover Order, who may serve without posting a bond.

12.     **IT IS ORDERED** by the Court that the above-named Turnover-Defendant, including any of its officers, directors, agents, servant, and representatives are hereby restrained and enjoined instanter from paying, distributing, delivering, selling, transferring, conveying, or encumbering, or causing such acts to occur, as to any and all of the assets of the above-described businesses, of any type or character, and including those enumerated below, except as ordered below regarding the Receiver appointed herein.

13.     **IT IS FURTHER ORDERED** by the Court that within five days of Judgment-Defendant's receipt of a copy of this Order, Judgment-Defendant shall physically transfer and convey the following non-exempt property to the Receiver for sale, with the proceeds obtained from such sale to be applied to the above Total Default Judgment Amount in this cause, including without limitation the following:

a)      All assets of Judgment-Defendant (including TP Federal or any derivation of such names used by TP Federal), as well as all documents and records (including financial records) in any way related to TP Federal and such assets and property.

b)      All common and/or preferred stock and stock certificates, including the stock

ledgers and all documents evidencing any ownership interest of any kind in said two entities, and Turnover-Defendant is hereby **ORDERED** to take all reasonable steps to transfer ownership of said entities to the Receiver.

     c)     The Receiver is authorized and empowered by the Court to seize or otherwise take possession of all property referred to in this Order.

     d)     All documents and records in the actual or constructive possession of Turnover-Defendant, including without limitation all bank records, certificates, or promissory notes, money market accounts, securities, real property, negotiable instruments, causes of action, contract rights, and accounts receivables of Turnover-Defendant, including an up-to-date list of all receivables for Turnover-Defendant, with all such property to be held in custodia legis by said Receiver.

     e)     All equipment, vehicles, boats and planes, all cash, checks, and money in any account in the name of Turnover-Defendant.

     f)     All property, records, and documents in the actual or constructive possession of Turnover-Defendant, which shall be turned over to the Receiver until the Total Default Judgment Amount has been paid in full.  Receiver shall further have the right and authority to collect all receivables together with any rents from tenants, to change locks at any premises of Turnover-Defendant, and open any mail directed to it.  Receiver may endorse and cash any checks payable to Turnover-Defendant, hire brokers to list and sell any realty or property, hire companies to accomplish any purpose set forth herein, demand of any institution, manager, bureau, or third-party financial information/records/documents pertaining to Turnover-Defendant, including taking any actions to gain access to storage facilities and/or leased premises where any of the property of Turnover-Defendant may be located and to obtain copies of documents/records

related to same.

    g)    All Federal income tax returns from 2012 through present day filed by or signed or on behalf of Turnover-Defendant, including any entity it which it owned an interest during said years.  Also, any vehicle titles or any other ownership instruments reflecting ownership in any of the assets or property above in which Turnover-Defendant claimed any interest from January 1, 2012 to the present.

    14.    It is further **ORDERED** that the Receiver shall be compensated from future sales of property at his/her normal billing rate for services and costs incurred and shall hold, maintain, and safely keep all property, assets, and documents, making same available to the parties or authorized agents for inspection and copying (at the parties' expense, to be paid to the Receiver before the Receiver is obligated to provide copies).  The Receiver holding such property shall preserve it, pending further orders of this Court, after duly filed and served motions of interested parties and timely notice thereof and hearing thereon, if necessary.

    15.    Turnover-Defendant is further **ORDERED** to continue, until the Judgment in this cause is fully paid, to turn over to the Receiver at the Receiver's address all checks, cash, securities, promissory notes, documents of title, and contracts within three days of Turnover-Defendant's receipt and possession of such property if Turnover-Defendant comes into receipt and possession of any such property.

    16.    As the result of Turnover-Defendant's failure and refusal to pay the Total Default Judgment Amount rendered in this cause, Plaintiff has been required to retain legal counsel to prosecute this Application for Turnover.  The Court further finds that Plaintiff will continue to pay and incur liability to such attorney and additional fees for such services.  Under the applicable State of Texas Turnover Statute, Plaintiff is therefore entitled to recover from

Turnover-Defendant the additional sum of at least $4,500.00 dollars as a reasonable fee for attorney services rendered and to be rendered in these proceedings.  Turnover-Defendant is hereby **ORDERED** to pay such sum directly to Plaintiff by and through its attorney of record at said attorney's business address in Dallas, Texas within five days of receipt of a copy of this Order.

    **SO ORDERED** on this _____day of _____, 2018.


_____
U.S. DISTRICT JUDGE