IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **EASTWEST BRIDGE**, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. **3:11-CV-2417-L** |
| | § |
| **TECHNOLOGY PARTNERS FZ, LLC;** | § |
| **AL-BAH TR BROKERS; and** | § |
| **BAHARKAN GROUP**, | § |
| | § |
| Defendants. | § |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's First Application for Turnover Order in Aid of Judgment ("Application") (Doc. 33), filed March 6, 2018. On November 21, 2018, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 47) were entered, recommending that the court enter an order granting the Application in the form attached as Exhibit A to the Report and award Plaintiff $4,000 for reasonable attorney's fees incurred in obtaining the turnover order. Although no objections to the Report were filed, the court determines that Plaintiff has not met its burden of establishing that it is entitled to a turnover order, and the legal basis on which it seeks such an order in this turnover proceeding is inconsistent with clearly established Texas law. Accordingly, for the reasons herein explained, the court **rejects** the findings and conclusions of the magistrate judge (Doc. 47) and **denies** Plaintiff's Application (Doc. 33).

**I. Application for Turnover Order and Other Relief**

Through its Application, Plaintiff seeks a turnover order to enforce the judgment entered in this case on its contract claim against judgment debtor Technology Partners FZ, LLC ("Judgment

**Memorandum Opinion and Order - Page 1**

Debtor") for purposes of seizing Judgment Debtor's alleged interest in third party Technology Partners Federal Systems ("TP Federal"), together with all documents or financial records, securities, real property, equipment, safety deposit boxes, cash, negotiable instruments, promissory notes, checks, causes of action, contract rights, and accounts receivable related to TP Federal. Plaintiff also requests appointment of a receiver to facilitate the turnover of assets and, as noted, seeks an award of attorney's fees.

## II.     Applicable Law

To obtain relief in the form of a turnover order under the Texas Turnover Statute, a judgment creditor must establish by evidence that the judgment debtor owns property that "cannot readily be attached or levied on by ordinary legal process" and "is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." *See* Tex. Civ. Prac. & Rem. Code § 31.002(a). The statute does not specify or restrict the manner in which evidence is submitted to establish the conditions necessary for a turnover order under section 31.002(a) but "requires a factual showing that the judgment debtor has non-exempt property that is not readily subject to ordinary execution." *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004); *Hamilton Metals, Inc. v. Glob. Metal Servs., Ltd.*, 14-17-00670-CV, 2018 WL 6174321, at *2 (Tex. App.—Houston [14th Dist.] Nov. 27, 2018, no pet. h.) ("Simply filing an application or motion for turnover relief does not suffice; rather, the judgment creditor must submit evidence establishing these elements.") (citations omitted); *Black v. Shor*, 443 S.W.3d 170, 181 (Tex. App.—Corpus Christi 2013, no pet.) ("[T]he trial court 'must have some evidence before it that establishes that the necessary conditions for the application of 31.002 exist.'") (citation omitted). The presumption that assets are in the debtor's

possession does not arise until the judgment creditor traces the assets to the judgment debtor. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). A court may enter a turnover order "that requires the turnover of nonexempt property without identifying in the order the specific property subject to turnover." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(h). A turnover proceeding, however, cannot be used "as a vehicle for discovery to ascertain the location and existence" of the judgment debtor's assets. *Ramirez v. Orozco*, 04-05-00022-CV, 2005 WL 2367599, at *1 (Tex. App.—San Antonio Sept. 28, 2005, no pet.).

### III. Discussion

Based on "information and belief," Plaintiff asserts that a turnover order is appropriate with respect to third party TP Federal because "TP Federal *appears* to be an unincorporated wholly owned business of Judgment [Debtor]," and it is Plaintiff's "*understanding and belief* that TP Federal in reality [is] merely a d/b/a and/or 'alter ego' of Judgment [Debtor's] international communications, information communications. Pl.'s Appl. ¶ 19 & n.2 (the *believed-to-be* d/b/a and/or alter ego TP Federal") (emphasis added); Ex. A to Report ¶ 7 ( Proposed Order) ("Judgment-Debtor *appears* to be the alter-ego of and maintain an interest in [TP Federal]") (emphasis added).[1] Plaintiff appears to contend that, because it has established that TP Federal is the alter ego of Judgment Debtor or owned in part or in whole by Judgment Debtor, it has satisfied its burden of "trac[ing] the specific d/b/a and/or alter ego assets known as 'TP Federal' to Judgment-[Debtor], using [Judgment-Debtor's] own website and through research through the Virginia Secretary of States' website and

---

[1] Plaintiff takes the position in its Application that TP Federal is the alter ego of Judgment Debtor, but the order attached to the Report, which is presumably based on a proposed order submitted by Plaintiff includes a contrary finding that Judgment Debtor is the alter ego of TP Federal. Regardless, for the reasons herein explained, there is insufficient evidence of alter ego required for veil piercing, and Texas law does not allow the court to make such a determination in this turnover proceeding for purposes of deciding the substantive property rights of a judgment debtors or third parties.

**Memorandum Opinion and Order - Page 3**

communications with Fairfax County Clerk's office, and a presumption has therefore arisen that the Judgment-[Debtor] possesses the assets" in question. Pl.'s Appl. ¶ 19(b).

Plaintiff's evidence, however, does not establish that TP Federal is wholly or even partially owned by Judgment Debtor. The website pages that are attached to Plaintiff's Application and referenced in the declaration of Plaintiff's former counsel merely indicate that TP Federal is a "wholly US-owned company" without identifying TP Federal's owner or owners. Pl.'s Appl. at Exs. 1 & A. Thus, Plaintiff's belief and assertion in this regard are based on nothing more than speculation. Plaintiff also provided evidence that indicates TP Federal is not in the Fairfax County Department of Tax Administration's database under the Mclean, Virginia address identified on TP Federal's website, and that TP Federal has not applied for a Fairfax County Business License. The court fails to see, though, how this evidence supports Plaintiff's contention that TP Federal is wholly owned by Judgment Debtor; nor does it establish that TP Federal is the alter ego of Judgment Debtor or vice versa. Plaintiff's former counsel's declaration includes a statement regarding the similarity of the two companies logos, but this does not make Plaintiff's alter ego argument any stronger.[2]

---

[2] "Texas law presumes that separate corporations are distinct entities." *Tryco Enters., Inc. v. Robinson*, 390 S.W.3d 497, 524 (Tex. App.—Houston [1st Dist.] 2012, writ dism'd) (citation omitted). The party seeking to disregard the corporate separateness has the burden of overcoming this presumption. *Id.* (citing *Torregrossa v. Szelc*, 603 S.W.2d 803, 804 (Tex. 1980)). Alter ego applies and "the limitation on liability that the corporate structure affords can be ignored 'when the corporate form has been used as part of a basically unfair device to achieve an inequitable result.'" *SSP Partners Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 443 (5th Cir. 2013) (quoting *Castleberry v. Branscum*, 721 S.W.2d 270, 271-72, 273 (Tex. 1986), *superseded on other grounds by* former Bus. Corp. Act art. 2.21, re-codified at Tex. Bus. Orgs. Code Ann. § 21.223); *Tryco Enters., Inc.*, 390 S.W.3d at 510 (quoting *SSP Partners*, 275 S.W.3d at 454). An entity or person, however, does not become jointly liable for a corporation's obligations "merely because they were part of a single business enterprise" or "merely because of centralized control, mutual purposes, and shared finances." *Id.* at 508, 524 (quoting *SSP Partners*, 275 S.W.3d at 452, 454, 455).

"To pierce the corporate veil and impose liability under an alter ego theory of liability . . . , a plaintiff must show: (1) that the persons or entities on whom [it] seeks to impose liability are alter egos of the debtor, and (2) that the corporate fiction was used for an illegitimate purpose, in satisfaction of the requirements of article 2.21—now Business Organizations Code section 21.223(a) and (b)." *Id.* at 508 (citing *SSP Partners*, 275 S.W.3d at 456 & n.57) (footnote omitted). Determining whether the first requirement has been satisfied requires assessment of the relationship between the corporate entities, taking into account such factors as: (1) "whether the entities shared a common business name, common offices, common employees, or centralized accounting" (2) "whether one entity paid the wages of the other

**Memorandum Opinion and Order - Page 4**

As Plaintiff's evidence does not establish that TP Federal is wholly or partially owned by Judgment Debtor and is insufficient to show that TP Federal is the alter ego of Judgment Debtor or vice versa, it cannot satisfy its burden of tracing any assets to Judgment Debtor. Additionally, Plaintiff's identification of the asset or assets in question as being "TP Federal"[3] is not sufficiently specific, and there is no evidence that TP Federal possesses the laundry list of property included in Plaintiff's Application. Instead, Plaintiff's Application and request for a turnover for any and all nonexempt property and assets of TP Federal, including documents and financial information, appear to be an attempt to use this turnover proceeding as a vehicle for discovery to ascertain the location and existence of Judgment Debtor's assets, which, as explained, is an improper use of the turnover statute. *Ramirez*, 2005 WL 2367599, at *1.

Moreover, "Texas courts construing the turnover statute have expressly and consistently held that it may be used to reach only the assets of parties to the judgment, not the assets of non-judgment third parties." *Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317, 322 (5th Cir. 2006) (citations omitted). As explained by the Fifth Circuit in *Bollore*, the Texas Turnover Statute is "a purely

---

entity's employees"; (3) "whether one entity's employees rendered services on behalf of the other entity"; (4) "whether one entity made undocumented transfers of funds to the other entity"; and (5) "whether the allocation of profits and losses between the entities is unclear." *Id.* at 508 (citing *SSP Partners*, 275 S.W.3d at 450-51). Satisfaction of the second alter ego requirement with respect to "any contractual obligation of the corporation," requires proof that the corporate form was used to perpetrate "actual fraud on the obligee primarily for direct personal benefit." *Spring St. Partners-IV, L.P.*, 730 F.3d at 442-44 & n.8 (discussing the evolution and codification of Texas alter ego and veil-piercing law and quoting Tex. Bus. Orgs. Code Ann. §§ 21.223(a)(2), (b)). This requirement also applies when the corporate veil of an LLC is sought to be pierced with respect to the LLC's contractual obligations. *Id.* at 444. "'Actual fraud' is defined [by article 2.21 of the Business Organizations Code] as 'involv[ing] dishonesty of purpose or intent to deceive.'" *Id.* at 443 (quoting *Tryco Enters., Inc. v. Robinson*, 390 S.W.3d at 507).

In this case, Judgment Debtor is an LLC, and TP Federal appears to be a corporation, as Plaintiff's evidence of the contents of TP Federal's website includes information regarding TP Federal's "Corporate Information." Pl.'s Appl. at Ex. A. The foregoing law applicable to veil piercing based on an alter ego theory, therefore, applies to Plaintiff's contention that TP Federal is the alter ego of Judgment Debtor or vice versa for purposes of making TP Federal liable for Judgment Debtor's contractual obligations. Plaintiff's evidence, however, is insufficient to satisfy either requirement for alter ego veil piercing under Texas law.

[3] *See* Pl.'s Appl. ¶ 19(b).

**Memorandum Opinion and Order - Page 5**

procedural mechanism, and it is black-letter Texas law that proceedings pursuant to the turnover statute may not be used to determine the substantive property rights of the judgment debtors or of third parties." *Id.* (citing *Maiz v. Virani*, 311 F.3d 334, 343-45 (5th Cir. 2002)). It is for this reason that the Fifth Circuit has held that "a district court may not use a turnover proceeding to adjudicate whether a corporation is an individual judgment debtor's alter ego." *Bollore S.A.*, 448 F.3d at 322 (citations omitted). "Even more specifically, Texas courts have held that a turnover proceeding is not an appropriate vehicle [to use] to make an alter ego determination and that a separate trial on the merits of that issue is required before the alter ego can be subject to a turnover proceeding." *Id.* (citing *Maiz*, 311 F.3d at 336 as holding that the Texas Turnover Statute "cannot be utilized to adjudicate the substantive property rights of the two non-judgment debtor corporations in this case without a prior judicial determination which pierces their corporate veils"). Thus, even if Plaintiff's evidence were sufficient to show that TP Federal is the alter ego of Judgment Debtor or vice versa as determined by the magistrate judge, the court would not have authority under Texas law to enter the requested turnover order, as there has been no separate trial on the merits of the alter ego issue. As entry of a turnover order is not appropriate, the court also determines that Plaintiff's related requests for appointment of a receiver and award of attorney's fees should be denied.

## IV. Conclusion

For all of the foregoing reasons, the court, after considering the Application and supporting evidence, file, record in this case, Report, and applicable law, **rejects** the findings and conclusions of the magistrate judge (Doc. 47) and **denies** Plaintiff's Application (Doc. 33), including the request for a turnover order, appointment of a receiver, and award of attorney's fees.

**It is so ordered** this 18th day of January, 2019.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge